UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LARRY GOLDSTEIN and JANET K. GOLDSTEIN, <br><br> Plaintiffs, <br><br> v. <br><br> TURNBERRY PAVILION PARTNERS LIMITED PARTNERSHIP, a Delaware Limited partnership; and DOES 1 through 5, <br><br> Defendant. | 02:07-CV-00387-LRH-PAL <br><br> <u>ORDER</u> |

Presently before the court is a Motion for Reconsideration (# 33[1]) filed by defendant, Turnberry Pavilion Partners Limited Partnership ("Turnberry"). Plaintiffs, Larry Goldstein and Janet Goldstein (collectively, "Plaintiffs"), have filed an opposition (# 37), and Turnberry replied (# 40).

The facts relevant to the present motion were set forth in the court's November 9, 2007, Order (# 31) and will not be repeated here. In that Order, the court granted in part and denied in part Turnberry's motion for summary judgment. Specifically, the court granted summary judgment with respect to Plaintiffs' claims for misrepresentation and rescission and denied summary judgment with respect to Plaintiffs' claims for breach of contract and specific performance.

In the present motion, Turnberry seeks reconsideration of those portions of the court's order

---

[1] Refers to the court's docket number.

denying summary judgment. Specifically, Turnberry argues that summary judgment is appropriate on Plaintiffs' claim for specific performance because Turnberry sold the disputed unit following a status conference before the magistrate judge where the magistrate judge expunged the Notice of Lis Pendens. Turnberry further argues that summary judgment is appropriate on the breach of contract claim because the magistrate judge set a firm closing date of May 29, 2007, that Plaintiffs were unable to meet. Finally, Turnberry argues it could not have repudiated the contract because Plaintiffs were already in default after they failed to close on the original closing date of November 28, 2006.

Plaintiffs concede that the specific performance claim is moot in light of the fact that Turnberry no longer owns the property. However, Plaintiffs argue that the breach of contract claim remains viable. Specifically, Plaintiffs argue that the magistrate judge's order did not affect the court's previous conclusion that there is an issue of fact regarding anticipatory repudiation. Finally, Plaintiffs argue that the magistrate judge did not change the closing date, but gave the parties a three week period to resolve this action.

A motion for reconsideration can be brought pursuant to either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063-64 (9th Cir. 2005). Turnberry's motion does not identify whether it is filed pursuant to Rule 59(e) or 60(b). A motion for reconsideration filed within ten days of entry of judgment is treated as a Rule 59(e) motion. *American Ironworks & Erectors, Inc. v. N. American Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). If the motion is not filed within ten days of entry of judgment, it is treated as a Rule 60(b) motion. *Id*. at 899. As judgment has not been entered in this case, the court will treat the present motion as one filed pursuant to Rule 60(b).

Rule 60(b) permits the court to relieve a party from an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has

been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

In this case, the parties agree that specific performance is no longer an issue. Thus, Turnberry's motion will be granted and this claim will be dismissed. However, the court finds that reconsideration is inappropriate with respect to the breach of contract claim.

As an initial matter, the court finds that the magistrate's decision to allow closing to occur by May 29, 2007, did not affect the underlying merits of this case. The record shows that the magistrate's May 11, 2007, Order (# 22) permitted the parties to close by May 29, 2007, as a result of representations made by the parties that they desired to resolve the dispute by closing the purchase of the condominium unit. Thus, the magistrate judge's order was an effort to aid settlement of this case and did not modify the terms of the contract.

Turnberry next argues that it could not have repudiated the contract because Plaintiffs had already breached the contract by failing to close on the original closing date of November 28, 2006. The court disagrees. As addressed in the court's November 9, 2007, Order (# 31), the Purchase and Sale Agreement explicitly provides as follows: "Seller may and is authorized to postpone the Closing for any reason and buyer agrees to close on the date Seller specifies in its notice of postponement." (Def.'s Mot. to Dismiss (# 10), Purchase and Sale Agreement, Ex. 1 ¶ 9.) Although the original closing date was set for November 28, 2006, Turnberry chose to postpone this date and set a new closing date of January 26, 2007. If Turnberry had not postponed the closing date, Plaintiffs would have been in breach of the contract. Nevertheless, Turnberry decided to work with Plaintiffs and postpone the closing date to January 26, 2007. For this reason, Plaintiffs did not breach the contract by failing to close on the original closing date.

In its motion for reconsideration, Turnberry has, however, raised an issue that may need additional briefing from the parties before it can be resolved by the court. Turnberry's reply points and

authorities[2] raises the issue that the Purchase and Sale Agreement provides that "Buyer understands that Buyer will be obligated to pay all cash at Closing under this Agreement. . . ." (Def.'s Mot. to Dismiss (# 10), Purchase and Sale Agreement, Ex. 1 ¶ 6.)  Thus, the terms of the Purchase and Sale Agreement require that the funds are due at closing.

The court's November 9, 2007, Order (# 31) found an issue of fact relating to the closing date in light of evidence that funding for the property was not to occur until the week following the March 9, 2007, date set for executing escrow documents.  (November 9, 2007, Order (# 31) at 7).  While it is clear that the contract permitted Turnberry to postpone the closing date, it is not clear whether a modification occurred that changed the time in which funding was due.  In other words, the express terms of the contract required funding to occur at the closing on March 9, 2007.  However, it is possible that a modification occurred that allowed Plaintiffs to provide funding the following week.

Because issues relating to whether there was a modification, or any defenses thereto, have not been addressed by the parties, the court will not address the issue at this time.  In light of the fact that this issue has not been adequately raised, the court will give Turnberry thirty (30) days from the date of this order to file a motion for summary judgment related to this issue.  The court makes no comment as to the merits of any such argument and there may remain issues of fact that can only be resolved at trial.

///
///
///
///
///
///

---

[2] Issues raised for the first time in a party's reply points and authorities are generally not considered by the court.

1  IT IS THEREFORE ORDERED that Turnberry's Motion for Reconsideration (# 33) is hereby
2  GRANTED in part and DENIED in part as set forth in this order.
3  IT IS SO ORDERED.
4  DATED this 2nd day of January, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE