UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LARRY GOLDSTEIN and JANET K. GOLDSTEIN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| TURNBERRY PAVILION PARTNERS LIMITED PARTNERSHIP, a Delaware Limited partnership; and DOES I through 5, | ) ) ) ) |
| Defendant. | ) ) ) |

2:07-CV-00387-LRH-VPC

ORDER

Presently before the court is a Motion to Amend Complaint (# 43[1]) brought by plaintiffs, Larry Goldstein and Janet K. Goldstein ("Plaintiffs"). Defendant Turnberry Pavilion Partners Limited Partnership ("Defendant") filed an Opposition (# 46), and Plaintiffs replied (# 48). Also before the court is a Motion for Summary Judgment (# 47) filed by Defendant. Plaintiffs filed an Opposition (# 50), and Defendant replied (# 52).

**I. Factual and Procedural Background**

Plaintiffs filed a complaint in state court arising out of a dispute involving a purchase and sales agreement. The court set forth the relevant facts in its November 9, 2007, Order (# 31) and will not repeat them here. Defendant filed a Petition for Removal (# 1) in this court on March 26,

---

[1] Refers to the court's docket number.

2007, asserting diversity jurisdiction.

On April 9, 2007, Defendant brought a Motion to Dismiss Complaint or in the Alternative, Motion for Summary Judgment (# 10). On November 9, 2007, the court issued an order (# 31) granting the motion for summary judgment regarding the claims of intentional and negligent misrepresentation and rescission. Defendant then filed a Motion for Reconsideration (# 33). Consequently, on January 2, 2008, the court issued an order (# 41) granting the motion for summary judgment relating to the specific performance claim, but denying the motion regarding the breach of contract claim due to a possible issue regarding modification of the contract. The court determined that the possibility that the parties modified the contract to allow closing to occur on March 9, 2007, with payment to occur the following week precluded summary judgment. Defendant now brings before the court a Motion for Summary Judgment (# 47) for the breach of contract claim.

**II. Summary Judgment**

    **A. Legal Standard**

Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In this process, the court must read the evidence and all reasonable inferences that can be drawn from them in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

In order to successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**B. Discussion**

Defendant seeks summary judgment on Plaintiffs' breach of contract claim. Defendant argues that the court should grant its motion for summary judgment because the contract's integration clause precludes any modification that was not written and signed by both parties. (Mot. for Summ. J. (# 47) at 7.) Defendant further contends that Plaintiffs' extrinsic evidence to the contract is barred by the parol evidence rule. *Id*. at 7-8. Plaintiffs, on the other hand, argue that a genuine issue of material fact remains which precludes summary judgment because both parties dispute the date of closing. (Opp'n to Def.'s Mot. for Summ. J. (# 50) at 4.)

As a preliminary matter, the court finds the parol evidence rule inapplicable. The rule "prohibits the admission of extrinsic evidence of prior or contemporaneous oral agreements, or prior written agreements to explain the meaning of a contract when the parties have reduced their agreement to an unambiguous integrated writing." 11 Richard A. Lord, *Williston on Contracts* § 33:1 (4th ed. 1992). In this case, neither party is seeking to bring in extrinsic evidence of a prior or contemporary agreement. Rather, the extrinsic evidence in dispute is based on oral

3

1  communications between the parties subsequent to the written agreement.

2        The gravamen of the dispute concerns whether the contract permitted modification of the
3  closing date and procedure, and whether the closing date was changed in accordance with the
4  contract.  The present inquiry must begin with the language of the contract.  Under the contract,
5  "Seller may and is authorized to postpone the closing for any reason and buyer agrees to close on
6  the date Seller specifies in its notice of postponement." (Def.'s Mot. to Dismiss (# 10), Purchase
7  and Sale Agreement, Ex. 1 ¶ 9.)  Furthermore, "any notice of closing, postponement or
8  rescheduling requested or desired by Seller may be given orally . . . at Seller's option."  *Id*.  In its
9  order from November 9, 2007, the court determined that Defendant extended the closing date twice
10 after Plaintiffs initially failed to close.  Consequently, Plaintiffs did not breach the contract by
11 failing to close on the original closing date.

12       Thus, the remaining question before the court is whether the parties modified the contract or
13 changed closing procedures in accordance with the contract so that Plaintiffs could sign closing
14 paperwork on March 9, 2007, and provide payment the following week.  While the court
15 previously noted the possibility that the parties modified the contract, after further briefing it
16 appears that the true dispute is whether, within the terms of the contract, the parties changed the
17 closing date to March 9, 2007, or to the following week.  Under the contract, to coordinate closing,
18 "Seller shall provide notice to Buyer, which notice shall set forth the time, date and place of
19 Closing."  *Id*.  Furthermore, "Buyer understands that Buyer will be obligated to pay all cash at
20 Closing under this agreement."  *Id*. at ¶ 6.  The contract also stipulates that "[n]o modification of
21 this Agreement shall be valid unless in writing and signed by both Buyer and Seller."  *Id*. at ¶ 46.

22       After careful review of the contract, facts, and law, the court finds that summary judgment
23 is not appropriate.  Plaintiffs admit that they agreed to execute the escrow closing paperwork on
24 March 9, 2007.  However, Plaintiffs contend that "closing would not occur until the paperwork had
25 been signed and the full purchase price had been deposited." (Opp'n to Def.'s Mot. for Summ. J.

26

4

(# 50) at 4.) Consequently, Plaintiffs argue that closing would have occurred the week following March 9, 2007.

As previously mentioned, Defendant is able to orally modify the closing date if Defendant so chooses. (Def.'s Mot. to Dismiss (# 10), Purchase and Sale Agreement, Ex. 1 ¶ 9.) Plaintiffs stated that the parties changed the closing date to "allow [Plaintiffs] to sign the final paperwork on or before March 9, 2007, and fund the closing during the following week." (Opp'n to Def.'s Mot. for Summ. J. (# 50), Aff. of Larry Goldstein at 1.) Defendants, on the other hand, counter that Plaintiffs "[were] told specifically that [they] must fully fund and close by March 9, 2007."[2] (Mot. For Summ. J. (# 47), Aff. of Pamela Pattie at 2.) The contradicting affidavits pose a genuine issue of material fact as to the closing date. Consequently, there is also a question of fact regarding whether Defendant engaged in anticipatory repudiation of the contract. According to this doctrine, "an anticipatory repudiation of contractual duties by one party to the contract excuses performance by the other." Lord, *supra*, at § 39:37. Thus, looking at the facts and reasonable inferences in the light most favorable to Plaintiffs, there are genuine issues of material fact that preclude summary judgment.

**III. Motion to Amend Complaint**

Plaintiffs also seek to amend their complaint to request that the court declare the liquidated damages clause unenforceable. Plaintiffs contend that the motion should be granted because neither party will be prejudiced as a result of the amended complaint. (Mot. to Amend Compl. (# 43) at 3.) Plaintiffs further argue that the amended complaint is not futile because it attacks the validity of the liquidated damages clause in a way that is consistent with Nevada law. (Reply to Opp'n to Pl.'s Mot. to Amend Compl. (# 48) at 3.) Defendant contends that the motion should be denied because it contains causes of action that the court has already dismissed. (Opp'n to Pl.'s Mot. to Amend Compl. (# 46) at 2.) Furthermore, Defendant argues that denial is proper because

---

[2] The affidavit mistakenly referred to the closing date as March 9, 2009.

an attempt to find the liquidated damages clause unenforceable is futile under Nevada law. *Id*. at 3.

If a party does not meet the requirements to amend its pleadings as a matter of course, "[the] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In this process, "the court should freely give leave when justice so requires." *Id.* However, leave to amend should not be granted if other parties can show that prejudice will result or that the amendment is totally frivolous. Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1473 (2d ed. 1990). A filing is frivolous if it "is both baseless and made without reasonable and competent inquiry." *Towndsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

The court will grant Plaintiff's motion. First, the amended claim is not frivolous. According to Nevada case law, a liquidated damages clause is valid if it defines "the sum which a party to a contract agrees to pay if he fails to perform, and which, having been arrived at by a good faith effort to estimate the actual damages that will probably ensue from a breach, is recoverable as agreed-upon damages should a breach occur." *See Mason v. Fakhimi*, 865 P.2d 333, 335 (Nev. 1993). Furthermore, "the party challenging the [liquidated damages] provision must establish that the provision amounts to a penalty." *Id*. A liquidated damages clause amounts to a penalty if the "liquidated damages are disproportionate to the actual damages sustained by the injured party." *Id*.

Plaintiffs contend that the liquidated damages are disproportionate to actual damages. (Pl.'s Reply to Opp'n to Mot. to Amend Compl. (# 48) at 3.) In support of this assertion, Plaintiffs allege Defendant resold the condominium in question for the same purchase price to a different buyer. *Id.* at 3. Furthermore, Plaintiffs argue that there was not a good faith effort to arrive at the liquidated damages amount of $500,000. *Id*. Thus, at this time, the court cannot find that Plaintiffs' claim is baseless.

Moreover, there is no evidence that Defendant will be prejudiced as Defendant will not have to significantly change its preparation or legal theories. Also, there is no evidence that the

amended complaint will cause additional expenses, added trial length, or other hardship for Defendant.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (# 47) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend Complaint (# 43) is hereby GRANTED.

IT IS SO ORDERED.

DATED this 2nd day of July, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE